# **<u>EXHIBIT A</u>**

KENECHI R. AGU. SBN 279846
kagu@kralegal.com
LAW OFFICES OF KENECHI R. AGU
3655 TORRANCE BLVD, SUITE 300
TORRANCE, CA 90503
(310) 431-9875
(855) 372-5792

Attorneys for Plaintiff,
Mitzi Evans

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAY 08 2017

BY _____
JESSICA GARCEZ, DEPUTY

# IN THE COUNTY OF SAN BERNARDINO SUPERIOR COURT
## CIVIL DIVISION

| | |
|---|---|
| Mitzi Evans, <br><br> Plaintiff, <br><br> vs. <br><br> Little Caesar Enterprises, Inc. AND DOES 1 – 20, INCLUSIVE, <br><br> Defendants | Case No.: CIVDS1708628 <br><br> COMPLAINT FOR DAMAGES <br><br> JURY TRIAL DEMANDED |

Plaintiff by and through her attorneys of record allege as follows:

## I
## PARTIES

1. Plaintiff Mitzi Evans ("EVANS") was at all times relevant hereto, a resident of the State of California, and an employee of Defendants at Little Caesar Enterprises, Inc., in San Bernardino County, California, from December 17, 2007 until her wrongful termination on May 7, 2015.

2. Defendant Little Caesar Enterprises, Inc. ("LITTLE CAESAR") is a Michigan corporation doing business in San Bernardino County, California, as Little Caesar Enterprises, Inc., at 4467 Mission Blvd, Montclair, California 91763 (the "Resturant").

3. Plaintiffs are ignorant of the true names and capacities of defendants sued herein as DOE DEFENDANTS 1 through 20, inclusive, and therefore sue these defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities

Complaint for Damages
1
- 9 -
Exhibit A

when ascertained. Plaintiffs are informed and believe and thereon allege that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by the acts and/or omissions of said fictitiously named defendants.

4. Plaintiffs are informed and believes, and based on that information and belief alleges, that at all times mentioned in this complaint, each of the defendants was the agent, servant, representative or employee of each of the remaining defendants and, in engaging in certain acts hereinafter alleged, was acting within the course and scope of said agency, service, representation, or employment and materially assisted the other defendants. Plaintiffs are further informed and believe and thereon allege that each of the defendants ratified the acts of the remaining defendants.

## II

## FACTS COMMON TO ALL CAUSES OF ACTION

5. On or around December 2008, Plaintiff EVANS was hired by Defendant LITTLE CAESAR and worked at Defendant's restaurant, located at 4467 Mission Blvd, Montclair, California 91763 throughout her employment.

6. From December 2008 through September 2014, Plaintiff received a number of promotions and ever increasing responsibilities, excellent performance reviews, praise, and commendations in recognition for her good performance.

7. On or around September 2014, while working at the restaurant Plaintiff received a phone call from a customer who complained that he got sick after eating pizza at the Restaurant.

8. One day before receiving the complaint, Plaintiff recalled that her supervisor, against company policy, was transporting cheese and other food products from another LITTLE CAESAR location to the restaurant in his personal vehicle. Company policy required those items to be transferred by a refrigerated truck and not a personal vehicle.

9. The same day of the call, Plaintiff check the freezer at the Restaurant and noticed freezer was not working properly at that all items in the freezer were melted and thawed out. Plaintiff captured the temperature of the freezer and noticed that the levels were severely high.

1 Afterwards, Plaintiff tried to record those levels in Defendants system but, due the extremely
2 high temperatures, the system did not allow her to save the values in the computer.
3     10.    Plaintiff immediately called Defendants loss prevention department and other
4 departments within Defendants company to lodge a complaint about (1) the supervisor who was
5 transporting consumer food products in his personal vehicle
6     11.    Plaintiff's employment continued until December 29, 2000, (2) the broken
7 freezer, (3) spoiled food in the freezer, (4) her inability to record the freezer's high temperature
8 level in the Restaurant's computers, and (5) the customer's complaint about getting sick after
9 eating bad food. Plaintiff also expressed that she was going to report this incident to the
10 department of health and explain to the complaining customer her findings.
11     12.    Immediately after lodging the complaints against the supervisor and the
12 conditions of the Restaurant, along with her intent and desire to report the incidents to the
13 department of health and the sick customer, Defendant, began writing Plaintiff up and
14 disciplining her unjustifiably.
15     13.    Defendant's retaliatory and unjust conduct continued until Plaintiff was
16 eventually terminated on May 7, 2015. Defendant terminated Plaintiff in retaliation for her
17 numerous complaints and reports regarding events and practices that created unsafe eating
18 environments and conditions at the Restaurant.
19     14.    From about September 2014, until Plaintiff's termination, Defendants, and each
20 of them, and their agents and employees, engaged in a continuous course of harassment,
21 intimidation, hostility, and retaliation against Plaintiff because of her continued complaints and
22 reports of events and practices concerning the food storage and handling and conditions at the
23 Restaurant that put customers' health and safety at risk.
24     15.    Plaintiff's termination was based upon false and pretextual reasons in retaliation
25 for the reports and complaints to loss prevention, supervisors, and for her threats to go to the
26 Department of Health Services if conditions and food handling and storage safety were not
27 improved. Plaintiff's termination and retaliation violated California public policy.
28

16. Defendants, and each of them, negligently and recklessly hired, employed, supervised, disciplined and trained its managers, supervisors, directors, employees and agents who failed to prevent or timely stop the harassment, and retaliation complained of herein. Defendants, and each of them, had actual and constructive notice of: these complained of acts; prior wrongful and retaliatory acts against Plaintiff and others who complained of events, conditions and practices that put customers' health and safety at risk; Defendants' prior negligent and reckless failure to prevent and timely stop such conduct; and Defendants' negligent and intentional failure to take effective action to prevent the complained of retaliation and harassment.

17. Defendants, and each of them, intentionally and negligently breached their duty to prevent and stop retaliation by failing to hire, train, discipline and provide competent supervisors, make and enforce rules, give proper and effective orders and discipline, direction, and training, select and employ appropriate persons, and select, train and supervise employees and agents with due care.

18. Defendants, and each of them, intentionally and negligently failed to instruct their agents and employees to refrain from harassment, and retaliation; unreasonably failed to adopt rules, policies, and regulations designed to prevent retaliation, and harassment from occurring; unreasonably employed persons they knew, or should have known, to be engaged in discrimination, harassment and retaliation; failed to properly supervise its employees to prevent these illegal acts from occurring; stood by and took no effective action when they knew, or should have known, they were occurring; failed to prevent these acts when they could have reasonably been prevented; authorized, encouraged and then ratified the acts complained of herein.

19. Said retaliation, tortious wrongful termination, intentional infliction and negligent infliction of emotional distress, did directly and proximately cause economic injury and damage to Plaintiff. Also, Plaintiff has been subjected to severe emotional distress because of the retaliation, and tortious wrongful termination complained of herein.

20. As a result of Defendants' conduct, Plaintiff experienced severe emotional distress including, without limitation the following: suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

## FIRST CAUSE OF ACTION FOR
## WRONGFUL TERMINATION
## (AGAINST ALL DEFENDANTS)

21. Plaintiff incorporates herein by reference the allegations made in paragraphs 1 through 20, inclusive, as though fully set forth herein.

22. Defendant, on or about May 7, 2015, illegally terminated Plaintiff from her employment because of Plaintiff's reports and complaints to loss prevention, supervisors, and for her threats to go to the Department of Health Services if conditions and food handling and storage safety were not improved. Plaintiff's termination and retaliation violated California public policy.

23. As a proximate result of this wrongful termination in violation of public policy, Plaintiff was caused to suffer, and continues to suffer, from humiliation, anxiety, severe emotional distress, worry, fear, and special damages (to include lost wages) all to her special and general damage according to proof at the time of trial.

24. Defendant did the things hereinabove alleged, intentionally, oppressively, and maliciously with an evil and malevolent motive to injure Plaintiff. These acts, which resulted in Plaintiff's wrongful termination against public policy, were obnoxious, despicable, and ought not to be suffered by any member of the community.

25. All actions of Defendants, their employees and agents, and each of them as herein alleged, were known, ratified and approved by the officers or managing agents of Defendants, and each of them. Therefore, Plaintiff is entitled to punitive or exemplary damages against the Defendant, in an amount to be determined at the time of trial.

26. WHEREFORE, Plaintiff requests relief as hereinafter provided.

## SECOND CAUSE OF ACTION FOR
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (AGAINST ALL DEFENDANTS)

27. Plaintiff incorporates herein by reference the allegations made in paragraphs 1 through 26, inclusive, as though fully set forth herein.

28. The conduct complained of hereinabove was outside the conduct expected to exist in the workplace, was intentional and malicious and done for the purpose of causing Plaintiff to suffer humiliation, mental anguish, and emotional and physical distress. Defendants', and each of their conduct, in confirming and ratifying the complained of conduct, was done with the knowledge that Plaintiff's emotional and physical distress would thereby increase, and was done with a wanton and reckless disregard of the consequences to Plaintiff.

29. As a proximate result of Defendants,' and each of their, intentional infliction of emotional distress as hereinabove alleged, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and health. As a result of said distress and consequent harm, Plaintiff has suffered such damages in an amount in accordance with proof at time of trial.

30. Defendants, and each of them, engaging in the conduct as hereinabove alleged, acted fraudulently, maliciously, oppressively and with reckless disregard of Plaintiff's rights and safety, and thereby entitling Plaintiff to an award of punitive damages. Defendants, and each of them, authorized, ratified, knew of the wrongful conduct complained of herein, but failed to take immediate and appropriate corrective action to remedy the situation and thereby acted fraudulently, maliciously, oppressively and with reckless disregard of Plaintiff's rights and safety, and thereby entitling Plaintiff to an award of punitive damages.

31. WHEREFORE, Plaintiff requests relief as hereinafter provided.

## THIRD CAUSE OF ACTION FOR
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## (AGAINST ALL DEFENDANTS)

32. Plaintiff incorporates herein by reference the allegations made in paragraphs 1 through 31, inclusive, as though fully set forth herein.

33. In the alternative, if said conduct of Defendants, and each of them, and of their agents and employees was not intentional, it was negligent and Plaintiff is thereby entitled to general damages for the negligent infliction of emotional distress.

34. WHEREFORE, Plaintiff requests relief as hereinafter provided.

## FOURTH CAUSE OF ACTION FOR
## VIOLATION OF LABOR CODE §§ 226.7 AND 512
## (AGAINST ALL DEFENDANTS)

35. Plaintiff incorporates herein by reference the allegations made in paragraphs 1 through 34, inclusive, as though fully set forth herein.

36. At all relevant times, Defendants failed in their affirmative obligation to ensure that Plaintiff, had the opportunity to take and was provided with off-duty meal periods in accordance with the mandates of the California Labor Code and the applicable IWC Wage Order. Plaintiff suffered and was forced to work through legally required meal periods and was denied the opportunity to take their off-duty meal periods. As such, Defendants are responsible for paying premium compensation for missed meal periods pursuant to Labor Code section 226.7 and the applicable IWC Wage Order. Defendants, as a matter of corporate policy and procedure, regularly failed to pay such premium compensation for each meal period Plaintiff missed.

37. Plaintiff regularly worked in excess of five (5) hours per day and accordingly had a right to take a 30-minute off-duty meal period each day worked in excess of five (5) hours. Furthermore, Plaintiff worked in excess of ten (10) hours per day had a right to take a second 30-minute off-duty meal period each day worked in excess of ten (10) hours.

38. As a pattern and practice, Defendants regularly required employees to work through their meal periods without proper compensation and denied Plaintiff and their employees the right to take proper meal periods as required by law.

39.	This policy of requiring employees to work through their legally mandated meal periods and not allowing them to take proper off-duty meal periods is a violation of California law.

40.	Plaintiff is informed and believes and based thereon allege that Defendants willfully failed to pay employees who were not provided the opportunity to take meal breaks the premium compensation set out in Labor Code section 226.7 and the applicable IWC Wage Order and that Plaintiff is owed wages for the meal period violations set forth above. Plaintiff is informed and believes and based thereon alleges that Defendants' willful failure to provide her the wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, she is entitled to compensation pursuant to Labor Code section 203.

41.	Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by Plaintiff in a civil action, for the unpaid balance of the unpaid premium compensation pursuant to Labor Code section 226.7 and the applicable IWC Wage Order, including interest thereon, penalties, reasonable attorney's fees, and costs of suit.

## FIFTH CAUSE OF ACTION FOR
## VIOLATION OF LABOR CODE § 226.7
## (AGAINST ALL DEFENDANTS)

42.	Plaintiff incorporates herein by reference the allegations made in paragraphs 1 through 41, inclusive, as though fully set forth herein.

43.	At all relevant times, Defendants failed in their affirmative obligation to ensure that Plaintiff had the opportunity to take and was provided with off-duty 10-minute rest periods in accordance with the mandates of the California Labor Code and the applicable IWC Wage Order. Plaintiff suffered and was forced to work through legally required rest breaks and was denied the opportunity to take her duty-free rest breaks. As such, Defendants are responsible for paying premium compensation for missed rest periods pursuant to Labor Code section 226.7 and

the applicable IWC Wage Order. Defendants, as a matter of corporate policy and procedure, regularly failed to pay such premium compensation for each rest period Plaintiff missed.

44. Plaintiff regularly worked shifts of 3.5 hours or more per day and accordingly had a right to take a 10-minute duty-free rest period each day worked in any such shifts.

45. As a pattern and practice, Defendants regularly required employees to work through their rest periods without proper compensation and denied Plaintiff and their employees the right to take proper rest periods as required by law. This policy of requiring employees to work through their legally mandated rest periods and not allowing them to take proper off-duty rest periods is a violation of California law.

46. Plaintiff is informed and believe and based thereon alleges that Defendants willfully failed to pay employees who were not provided the opportunity to take rest breaks the premium compensation set out in Labor Code section 226.7, and the applicable IWC Wage Order and that Plaintiff and those employees similarly situated as them are owed wages for the rest period violations set forth above. Plaintiff is informed and believes and based thereon alleges Defendants' willful failure to provide her the wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, Plaintiff is entitled to compensation pursuant to Labor Code section 203.

47. Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff in a civil action, for the unpaid balance of the unpaid premium compensation pursuant to Labor Code section 226.7 and the applicable IWC Wage Order, including interest thereon, penalties, reasonable attorneys' fees, and costs of suit.

### SIXTH CAUSE OF ACTION FOR
### VIOLATION OF LABOR CODE § 226
### (AGAINST ALL DEFENDANTS)

48. Plaintiff incorporates herein by reference the allegations made in paragraphs 1 through 47, inclusive, as though fully set forth herein.

49. Defendants failed in their affirmative obligation to provide accurate payroll records of their California employees. Defendants, as a matter of policy and practice, did not maintain and provide accurate records in violation of Labor Code section 226. Labor Code section 226(a) requires that an employer provide an itemized wage statement every time wages are paid to an employee, which includes enumerated items of information, including the name and address of the legal entity that is the employer and the inclusive dates of the pay period, total hours worked, and net and gross wages earned.

50. Here, Plaintiff was paid hourly. As such, the wage statements should have reflected the information required by Labor Code section 226(a)(1)-(9). However, the wage statements provided to Plaintiff failed to identify such information as the full name and address of the employer and the payroll period start date, as well as the number of hours worked and gross/net wages earned due to the afore-mentioned Labor Code violations.

51. Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff in a civil action, for all damages and/or penalties pursuant to Labor Code section 226, including interest thereon, penalties, reasonable attorney's fees, and costs of suit according to the mandate of California Labor Code section 226.

## SEVENTH CAUSE OF ACTION FOR
## VIOLATIONS OF THE UCL, BUSINESS & PROFESSIONS CODE § 17200, *ET SEQ.*
## (AGAINST ALL DEFENDANTS)

52. Plaintiff incorporates herein by reference the allegations made in paragraphs 1 through 51, inclusive, as though fully set forth herein.

53. Defendants, and each of them, have engaged and continue to engage in unfair and unlawful business practices in California by practicing, employing and utilizing the employment practices outlined above, include, to wit, by: a) failing to provide off-duty 30-minute meal breaks

to employees who worked 5 hours or longer in one shift in violation of Labor Code sections 226.7 and 512; b) failing to provide off-duty 10-minute rest breaks to employees who worked 3.5 hours or more in one shift in violation of Labor Code section 226.7; c) failing to provide proper payroll records in violation of Labor Code section 226; and d) failing to reimburse all business-related expenses, including without limitation, the costs associated with use of personal cellphones used to communicate with Defendants throughout the day.

54. Defendants' utilization of such unfair and unlawful business practices constitutes unfair, unlawful competition and provides an unfair advantage over Defendants' competitors.

55. Plaintiff seeks full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein.

56. Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned Defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code section 17200, et seq., including those set forth herein above thereby depriving Plaintiff the minimum working condition standards and conditions due to them under the California laws as specifically described therein.

### PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for judgment against the Defendants and each of them, jointly and severally, as follows:

1. For a money judgment for loss of employability, mental pain and anguish and emotional distress, according to proof;

2. For general, presumed and special damages based upon damage to Plaintiff's personal reputation;

3. For a money judgment representing compensatory damages including lost past and future wages, commissions, and all other sums of money, including employment benefits, together with interest on said amounts, and any other economic injury to Plaintiff, according to proof;

4. For an award of punitive damages against any and/or all Defendant(s);

5. For prejudgment interest under Civil Code § 3288 and any other applicable statute;

6. For prejudgment interest according to statute;

7. For damages and/or penalties pursuant to California Labor Code sections 226.7, 512, and 226, and for costs and attorneys' fees;

8. For costs of suit incurred herein; and

9. For such other and further relief as the Court may deem proper.

Dated: 05/05/2017                    Law Offices of Kenechi R. Agu

*[signature]*

Kenechi R. Agu

Attorney for Plaintiff